UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JEFFREY C. MORRIS,

          Petitioner,

v.

ROBERT FENEIS,

          Respondent.

---

Civil No. 07-1173 (RHK/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] because Petitioner was not "in custody" for the conviction at issue when he commenced this action.

**I. BACKGROUND**

In December 1999, Petitioner pleaded guilty to "repeated mail harassment," in violation of Minn.Stat. § 609.749, subd. 2(b). (Petition, [Docket No. 1], p. (2), ¶s 2, 4 and 5.) He was sentenced to "365 days stayed." (Id., ¶ 3.)

Petitioner did not file a direct appeal following his 1999 mail harassment conviction. Morris v. State, No. A06-433 (Minn.App. 2006), 2006 WL 3361928 (unpublished decision)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

at * 9, rev. denied, January 24, 2007, (hereafter "Morris-06"). In 2004, however, Petitioner challenged his 1999 mail harassment conviction in a post-conviction motion filed in the state trial court. Id. The trial court denied the post-conviction motion without a hearing, and Petitioner appealed.

The Minnesota Court of Appeals reversed the summary denial of the post-conviction motion, and remanded the matter to the trial court with instructions to conduct an evidentiary hearing. Morris v. State, No. A04-2095 (Minn.App. 2005), 2005 WL 1804497 (unpublished opinion). On remand, the trial court conducted an evidentiary hearing, and then denied Petitioner's post-conviction motion once again. Petitioner then filed another appeal, and this time the State Court of Appeals affirmed the denial of his post-conviction motion. Morris-06, at *11.

Petitioner's current federal habeas corpus petition was filed on February 15, 2007. He is again challenging his 1999 mail harassment conviction, claiming that (1) his guilty plea was not entered knowingly and voluntarily; (2) the trial court should have required him to undergo a competency examination; (3) he was denied the opportunity to consult with counsel before entering his guilty plea; (4) he was denied the right to assistance of "stand-by counsel;" (5) the Minnesota Court of Appeals erroneously refused to consider (a) the constitutionality of the statute under which he was convicted, and (b) the merits of a due process claim that he attempted to raise on appeal; (6) the statute under which he was convicted is unconstitutionally vague; (7) the statute under which he was convicted is unconstitutionally overbroad; and (8) he did not actually engage in any conduct proscribed by the statute under which he was convicted.

Although Petitioner is currently confined at the Minnesota Correctional Facility at Rush City, Minnesota, he is not in custody for the crime at issue here, but rather, he is serving a sentence for some other, more recent, crime. According to the Minnesota Court of Appeals, the 1999 mail harassment case is a "long-closed matter[ ], in which he has served his sentence." Morris-06, at * 11. Because Petitioner was not in custody for his 1999 mail harassment crime when he filed his current petition, this action must be dismissed for lack of jurisdiction.

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Furthermore, the Supreme Court has "interpreted the statutory language [of § 2254(a)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91 (emphasis added). Therefore, once a person has fully served a state prison sentence, he cannot thereafter seek federal habeas corpus review of that sentence, or the conviction that caused it.

When Petitioner filed his current petition, he was not in custody pursuant to the 1999 mail harassment conviction that he is now attempting to challenge. The Minnesota Court of Appeals has expressly confirmed that he has "served his sentence." Morris-06, at * 11. Therefore, Petitioner cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). See Maleng, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has

3

fully expired at the time his petition is filed") (emphasis in the original).  Because Petitioner was not in custody for his 1999 mail harassment conviction when he filed his current petition, this action must be summarily dismissed for lack of jurisdiction.  Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam), cert. denied, 516 U.S. 926 (1995); Miles v. Maschener, No. 98-2469 (8th Cir. 1999), 1999 WL 88938 (unpublished opinion).[2]

The Court further notes that even if Petitioner could satisfy the jurisdictional "in custody" requirement, this action would have to be summarily dismissed pursuant to the one-year statute of limitations that applies to § 2254 habeas corpus petitions.  See 28 U.S.C. § 2244(d).  Petitioner did not file a direct appeal following his mail harassment conviction in December 1999, so the federal habeas statute of limitations began to run in this case upon the expiration of the deadline for filing a direct appeal.  28 U.S.C. § 2244(d)(1)(A).  According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...."  Rule 28.02, subd. 4(3).  Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence expired sometime in March 2000, (90 days after his conviction in December 1999), and that is when the one-year statute of limitations began to run in this matter.  The deadline for

---

[2]  Petitioner may believe that he should be allowed to challenge his 1999 mail harassment conviction if that conviction somehow affected the later conviction and sentence for which he is currently incarcerated.  However, Petitioner has already sought federal habeas review of that later conviction and sentence in Morris v. Mohs, Civil No. 03-3197 (RHK/SRN).  Because that prior federal habeas case was dismissed with prejudice, Petitioner cannot seek further federal habeas review of that matter without pre-approval from the Eighth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A).

seeking federal habeas corpus relief expired one year later, in March 2001. Petitioner did not file his current petition, however, until February 2007, which was almost six years after the limitations period had expired.

The Court recognizes, of course, that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court. The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, however, the tolling provisions of § 2244(d)(2) cannot aid Petitioner, because the statute of limitations expired in March 2001, and Petitioner did not seek state post-conviction relief until sometime in 2004, (Morris-06, at * 11), which was long after the federal statute of limitations expired. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). In other words, Petitioner's state post-conviction motion could not toll the federal statute of limitations pursuant to § 2244(d)(2), because the statute of limitations had already expired before the post-conviction motion was filed. Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-

conviction relief").[3] Thus, the Court finds that even if this action were not barred by the jurisdictional "in custody" requirement, the action would still have to be summarily dismissed because it is time-barred.

Finally, the Court notes that Petitioner's habeas corpus petition was accompanied by a motion for leave to proceed in forma pauperis, ("IFP"), and a self-styled "Motion For Discovery." (Docket Nos. 3 and 4.) Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will recommend that those pending motions be summarily denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[3] Petitioner may believe that his state post-conviction actions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his post-conviction proceedings were complete. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 531 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 4), be DENIED;

2. Petitioner's "Motion For Discovery," (Docket No. 3), be DENIED; and

3. This action be summarily dismissed for lack of jurisdiction.


Dated:   March 2, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 20, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.